**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Long, | No. CV-11-8112-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| CUNA Mutual Insurance Society, | |
| Defendant. | |

Pending before the Court is Defendant CUNA's Motion to Dismiss, and two motions by Plaintiff Nancy Long to "Continue the Action (Not Dismiss)" and "Continue Case—Not Dismiss." (Docs. 9, 14, 15). Because the Federal Court has no subject-matter jurisdiction over this matter, it is being remanded to Yavapai County Superior Court.

## BACKGROUND

In February of 2010, after receiving an advertisement from Defendant CUNA Mutual Insurance Society ("CUNA"), Plaintiff contacted Defendant and purchased a $100,000 accident and dismemberment insurance policy. Defendant attempted to convince Plaintiff to pay her $11 monthly premium in four $33 quarterly installments, but Plaintiff insisted that she pay $11 each month instead. She received a letter a few weeks later from Defendant stating that it would be withdrawing $33 per month from her checking account. She called Defendant and again confirmed that her account would be debited only $11 per month.

Upon contacting her bank on March 3, 2011, she discovered that Defendant had

attempted to debit her account by $33. Since she only had $19 in her account at the time, she should have had $8 after the $11 debit, but instead was penalized by the bank for overdrawing her account. She called Defendant, a representative contacted the bank while she remained on the line, and she was assured that the penalty would be removed from her account. She asked that the error be corrected immediately, or at the very least before March 9, when an automatic withdrawal was scheduled from her account. Defendant's representative stated that the penalty would be removed and the $8 credited by March 8, but in fact it was not credited until March 9. Her automatic withdrawal was not affected.

Defendant again withdrew $11 from Plaintiff's account on March 14, but in April stopped using the automatic withdrawal and instead sent Plaintiff a bill for $33 for a quarterly premium.

Plaintiff is seeking $1,000,000 for breach of contract, intentional tort, and fraud.

Defendant removed the action to federal court, stating that the parties are diverse and that the amount in controversy exceeds $75,000. Defendant has filed a motion to dismiss for failure to state a claim. (Doc. 9).

**DISCUSSION**

**1.   Legal Standard**

The Court may consider whether it has subject-matter jurisdiction *sua sponte*, and if it "determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action." FED. R. CIV. P. 12(h)(3) (emphasis added).

The Court has diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000 pursuant to 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (2006). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir.

1994). When determining whether a claim meets the amount in controversy requirement, the amount claimed by the plaintiff ordinarily controls: "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The Ninth Circuit has defined such a "legal certainty" to mean "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger v. MGM Grant Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). Moreover, "in a case that has been removed from state court to federal court . . . on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Jason Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

**2. Analysis**

Defendant is an Iowa corporation and Plaintiff is an Arizona citizen, so the diversity of citizenship prong of § 1332(a) is satisfied. Plaintiff states that her claim is for $1,000,000, and upon that ground Defendant has removed this action to the District of Arizona.

The only actual damages claimed by Plaintiff are for the loss of $8 for six days—from March 3, when she noticed the loss, until March 9, when it was refunded. She does not allege that she lost any opportunities or suffered any other penalties beyond the loss of access to her funds for those six days; notably, she admits that her automatic payment, which she feared would be impaired by Defendant's action, was made on time and she incurred no penalty. She does state that she suffered "pain and suffering" and that Defendant "need[s] to realize that when they enter personal bank accounts to steal money, that it [*sic*] wrong!" (Doc. 1, Ex. 1 at 5).

Even assuming that this last statement evinces a desire to pursue punitive damages, it appears to a legal certainty that she cannot assert any claim over the required amount in controversy. The United States Supreme Court has noted that "[t]he Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary

punishments on a tortfeasor." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). In that case, the Court found that a punitive damages award of 145 times the actual damages awarded by a jury was prohibited by the Due Process Clause. *Id.* at 429. Were Plaintiff to receive a full judgment of $8 in actual damages (even though the $8 was reimbursed after six days), and to be awarded pain and suffering of 145 times that amount, and an additional punitive award of 145 times the original amount, her total award would be $2,328, substantially less than the $75,000 amount in controversy requirement. Here, it is plain from the face of the complaint that "a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger*, 802 F.2d at 364.

**CONCLUSION**

The complaint does not satisfy the amount-in-controversy requirement necessary to grant the court jurisdiction in this matter, and is remanded to Yavapai County Superior Court.

**IT IS THEREFORE ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 9) and Plaintiffs' Motions to Continue (Docs. 14, 15) are dismissed as moot.

2. The Clerk of Court is directed to remand this matter to Yavapai County Superior Court.

DATED this 20th day of January, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge